**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Gerardo Cruz, individually and on behalf of other similarly situated employees, Plaintiff

v.

Sweet Baby Rays Barbecue Elk Grove Village LLC and Michael P. O'Brien, individually, Defendants

## COMPLAINT

Gerardo Cruz ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Sweet Baby Rays Barbecue Elk Grove Village LLC ("Sweet Baby Ray's Barbecue"), and Michael P. O'Brien, individually (collectively, "Defendants"), and states:

### Introduction

1. Defendants operate a restaurant commonly known as "Sweet Baby Ray's Barbecue" at 800 E. Higgins Rd., Elk Grove Village, IL 60007. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurant.

2. Plaintiff is a former employee of the Defendants and was not paid his earned overtime wages as required by the FLSA and IMWL. Instead, Defendants paid Plaintiff and other employees straight-time wages for all hours worked weekly.

3. Defendants maintained and enforced a policy of paying Plaintiff in two different checks: one with deductions, and the other without deductions, for the same pay period to conceal the overtime hours worked by Plaintiff.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants own and operated Sweet Baby Ray's Barbecue within the three years preceding the filing of this complaint.

8. Michael P. O'Brien resides in and is domiciled in this judicial district.

9. Michael P. O'Brien is the owner of Sweet Baby Ray's Barbecue and is involved in the day-to-day business operations of Sweet Baby Ray's Barbecue and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

10. Sweet Baby Ray's Barbecue is as an enterprise under 29 U.S.C. § 203(r)(1).

11. Sweet Baby Ray's Barbecue is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Sweet Baby Ray's Barbecue's annual gross sales were $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiff worked as a cook for Defendants from December 2015 to mid-March 2017.

16. Defendants recorded the hours worked by Plaintiff and other similarly situated employees.

17. Defendants maintained and preserved records of all hours that Plaintiff worked each week.

18. Defendants maintained and preserved records of all wages they paid to Plaintiff each week.

19. Defendants paid Plaintiff a regular rate of $11.75 per hour.

20. Defendants paid Plaintiff his regular rate for all hours that he worked each week.

21. Defendants paid Plaintiff on a biweekly basis.

22. Defendants paid Plaintiff with two different checks for the same pay period.

23. Defendants paid Plaintiff with two checks each pay period: one check with deductions for the first 40 hours that he worked weekly and a second check without deductions for all other hours Plaintiff worked weekly.

## COUNT I: FLSA Overtime Wage Violation

24. Plaintiff incorporates all paragraphs above as if fully restated below.

25. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

26. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

27. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

28. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

29. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

30. Plaintiff was not exempt from the overtime provisions of the FLSA.

31. Defendants' failure to pay overtime violated the FLSA.

32. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff by both check and cash, at his regular rate, for all hours worked weekly.

33. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

34. Plaintiff incorporates all paragraphs above as if fully restated below.

35. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages.

36. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

37. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

38. Plaintiff worked more than forty (40) hours in individual work weeks.

39. Defendants did not pay earned overtime wages to the Plaintiff.

40. Plaintiff was not exempt from overtime wages.

41. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

42. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Monday, March 20, 2017.

_____
**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com